No. 6457.

STATE EX REL. MATHIEU ROQUES VS. WILLIAM FAGIN, CRIMINAL SHERIFF.

In matters of *habeas corpus* the jurisdiction of the Supreme Court is original and not appellate. The present case is one in which this court may have appellate jurisdiction. Hence this writ of *habeas corpus* must be discharged.

Whether the injunction in the present instance, for the disobeying of which relator has been imprisoned, is well founded or not, is a matter to be determined on the trial thereof in the lower court and afterward on appeal.

This court does not wish to be understood as saying that relator has no remedy, if he has suffered a wrong at the hands of the lower court, but it is manifest that he can not be relieved in the present proceeding.

APPLICATION for a writ of *habeas corpus* to be served on William Fagin, Criminal Sheriff, parish of Orleans. *Charles S. Rice,* for relator. *J. B. Cotton,* for respondent.

LEONARD, J. The relator, being in custody, prays to be discharged by this court on a writ of *habeas corpus,* alleging that he has been illegally imprisoned for contempt by the judge of the Superior District Court at the instance of one Charles Lange.

It seems that Lange obtained from the Superior District Court an order of injunction against Roques, alleging that the latter was conducting a private market to plaintiff's detriment; that such conduct on the part of Lange was illegal and caused plaintiff an irreparable injury. The judge ordered an injunction to issue upon plaintiff's giving bond in

the sum of two thousand dollars. Roques disobeyed the injunction, and was imprisoned in consequence.

The first question that arises is, has this court jurisdiction to grant a *habeas corpus* in such a case ? Article seventy-four of the constitution of 1868 declares that the Supreme Court shall have appellate jurisdiction only, "except in the cases hereinafter mentioned." Article seventy-seven declares that the Supreme Court and each of the judges thereof shall have power to issue writs of *habeas corpus* in cases in which they may have appellate jurisdiction. This article of the present constitution is identical with article sixty-seven of the constitution of 1845 and article sixty-nine of the constitution of 1852. In the case of *ex parte* Mitchell, 1 An. 43, and State *ex rel.* Cook vs. Keeper of Parish Prison, 15 An. 347, it was decreed, in the language of Voorhies, J., who delivered the opinion of the court in the latter case, that in matters of *habeas corpus* the jurisdiction of the Supreme Court is original and not appellate. Is the present case one in which we may have appellate jurisdiction? We think it is. The amount involved is not merely the five hundred dollars damages claimed by plaintiff, but the interest of defendant in his present business, which largely exceeds five hundred dollars, as shown by his answer and affidavit. We therefore have jurisdiction by original proceeding, which the matter before us manifestly is (as no judgment of the lower court is appealed from), to inquire into the rightfulness of Roques's imprisonment.

It is admitted by counsel for Roques that we can not afford relief if the lower court had jurisdiction to grant the injunction. The Superior District Court is vested by the statute creating it with power to grant writs of injunction. Article 296 of the Code of Practice declares that "injunction is a mandate obtained from a court by a plaintiff prohibiting one from doing an act which he contends may be injurious to him or may impair a right which he claims." Lange swears that Roques is injuring him and impairing his rights. Whether the particular act which causes such injury or impairment is sufficient to authorize an injunction, is for the judge to whom application is made for the order to determine. Whether, also, the injunction in the present instance is well founded or not, is to be determined on the trial thereof in the lower court and afterward on appeal. If the order was improperly granted, Roques will have his remedy for damages on the bond. But he can not disobey the injunction with impunity while it is still in force. We do not wish to be understood as saying that Roques has no remedy if he has suffered a wrong at the hands of the lower court, but it is manifest that he can not be relieved in the present proceeding.

It is therefore ordered that the rule for a *habeas corpus* be discharged at the costs of the relator, and that he be remanded to prison.

State ex rel. Roques vs. Fagin, Criminal Sheriff.

MORGAN, J., *concurring.* Passing over the question of the jurisdiction of this court, upon which it is not necessary for me to express an opinion, I agree with the majority that the Superior District Court has jurisdiction over the case out of which the proceeding now before us grew, and I therefore concur in the decree.

Howell, J., took no part in the decision of this case.